### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH TAGGART** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-4261** |
| : | |
| **NEW CENTURY FINANCIAL** : | |
| **SERVICES, INC., ET AL.** : | |

### ORDER

This 22nd day of October, 2020, for the reasons that follow, is it hereby **ORDERED** that Plaintiff's Motion to Remand (ECF 7), is **DENIED.**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions arising under laws of the United States. 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc., v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint alleges multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692- 1692p. (ECF 1-1.)

Although Plaintiff is correct that state courts have concurrent jurisdiction over FDCPA claims, 15 U.S.C. § 1692k(d), Plaintiff has not cited to any authority (nor could he) that this deprives district courts of subject matter jurisdiction. *See, e.g.*, *Keyes v. Nationstar Mortgage, LLC*, No. 1:20-cv-02649, 2020 WL 6111036 at *3 (D.N.J. Oct. 16, 2020) (denying plaintiff's motion to remand which similarly argued that concurrent jurisdiction deprived federal courts of subject matter jurisdiction over an FDCPA claim); *Bartlett v. Pa. Blue Shield*, No. 02-4591, 2003 WL 21250587 at *2 (E.D. Pa. Mar. 31, 2003) ("It is well established that concurrent jurisdiction is not a basis for remand after a proper removal to federal court."). Moreover, the Court has

subject-matter jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

Accordingly, Plaintiff's Motion to Remand is **DENIED.**

      /s/ Gerald Austin McHugh
United States District Judge