# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH TAGGART | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-4261 |
| | : | |
| NEW CENTURY FINANCIAL SERVICES, et al. | : | |

**McHugh, J.**                                   **May 3, 2021**

<u>**MEMORANDUM**</u>

This is a Fair Debt Collection Practices case. Plaintiff Kenneth Taggart has received several extensions of time to effectuate service on Defendant Stock and Grimes. More than ten months after filing the initial complaint and after three extensions granted by this Court, Plaintiff still has not served the Defendant. This *fourth* motion for an extension will be denied and Defendant Stock and Grimes will be dismissed without prejudice, though Plaintiff is barred from attempting to add Stock and Grimes as a defendant in this case. In addition, Defendant New Century Financial Services' motion to dismiss for failure to prosecute will be denied.

**I.**     Motion for Extension of Time

    a. **Factual and Procedural Background**

Plaintiff filed a complaint in the Bucks County of Common Pleas on June 29, 2020. *See* Notice of Removal Exh. 1, ECF 1-1. Defendants New Century Financial Services, Inc., and Pressler, Felt & Warshaw LLP removed to federal court on August 31, 2020. *See* Notice of Removal, ECF 1. Plaintiff effectuated service on those two Defendants in August 2020. *See* Motion to Dismiss at 5, ECF 23-2 (filed by New Century Financial Services). Defendant Stock & Grimes, LLP ("Stock & Grimes") has never been served. *Id.*

1

On November 20, 2020, I ordered that Plaintiff provide proof of service on Stock & Grimes within fourteen days. *See* Order, ECF 16. I wrote in that Order that "[f]ailure to comply with the terms of this Order shall result in dismissal of that defendant." *Id.*

Plaintiff moved for an extension of time, which I granted, giving Plaintiff until January 31, 2021. *See* Motion for Extension of Time, ECF 17; Order, ECF 18. Plaintiff filed a second motion for an extension of time, which I again granted, giving Plaintiff until February 26, 2021, to provide proof of service. *See* Motion for Extension of Time, ECF 19; Order, ECF 20. Plaintiff then sought a third extension, which I again granted, giving Plaintiff until March 28, 2021. *See* Motion for Extension of Time, ECF 21; Order, ECF 22. Plaintiff now files yet another motion, three weeks after the March deadline had passed. *See* Motion for Extension of Time, ECF 26. This motion principally consists of a verbatim copy of what Plaintiff represented in his February 26 motion. *See* ECF 21. In all these motions, Plaintiff has provided only one exhibit displaying attempted service, from July 2020. *See* Motion for Extension of Time Exh. C, ECF 17-1.

b. **Discussion**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." When a party moves for an extension of time after a deadline has already passed, as is the case here, courts "may, for good cause, extend the deadline" "if the party has failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1).

The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*

*v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Relevant factors to consider include danger of prejudice to the non-movants, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

Considering these factors, especially the reason for the delay and whether the delay has been within reasonable control of the movant, I conclude that any further extension is unwarranted.

Plaintiff asserts that Stock & Grimes has moved addresses, and may now be permanently closed, such that service has been difficult. A defendant's office closure with no forwarding address creates reasonable difficulties, which is why I granted the first several extensions. But Plaintiff has been aware of this issue since mid-August 2020, as shown by the Bucks County Sheriff's Return, which indicated that Defendant had moved addresses and that service could not be effectuated. *See* ECF 17-1. Even at the time I issued my first Order that Plaintiff serve the Defendant, on November 20th, 2020, over three months had passed since Plaintiff first learned of Defendant's move. Nine months have now passed since Plaintiff first learned of Defendant's move, and the amount of time here weighs strongly against granting further extensions. *See Reyes v. United States Postal Serv.*, No. 17-13267, 2018 WL 5801547, at *1 (D.N.J. Nov. 6, 2018) (granting dismissal where Plaintiff had failed to serve defendant for ten months after filing the complaint). At this point, it cannot be said that Plaintiff has "acted with reasonable haste to investigate the problem and to take available steps toward a remedy." *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 184 (3d Cir. 2000)

Plaintiff further argues that the COVID-19 pandemic has led to delays in providing proof of service. *See* ECF 21; 26. Once again, though this reason had some merit when first proffered, the amount of time that has passed and the lack of evidence of diligence on Plaintiff's behalf

weighs against granting the motion. In February, Plaintiff claimed that service had been accomplished as to an officer of the Defendant, but that receipt of confirmation from the Bucks County and Montgomery County sheriffs' offices was delayed due to the pandemic. *See* Motion at 2, ECF 21. While I granted the extension in February, Plaintiff now makes the same claims about pandemic-related delays some seven weeks later. Indeed, as mentioned above, Plaintiff's latest motion is largely a copy-and-paste of the February motion. While an initial delay due to COVID may have been reasonable under Rule 6, the amount of time and lack of proof of diligence at this point renders such neglect inexcusable. *See Choi v. Kim*, 258 F. App'x 413, 415-416 (3d Cir. 2007) (upholding district court's dismissal considering the Plaintiff's "failure to serve the defendant… the repeated delays by [plaintiff's] counsel, and the failure of [plaintiff's] counsel to respond with 'reasonable haste' in opposing the call for dismissal.").

Finally, in Plaintiff's "update" to the copied portion of the earlier motion, he claims that "due to no response from the Bucks County Sheriff, " he sent a process server to the officer's address, "but the office was found to be vacant." Motion at 2, ECF 26. He states that he now has hired a private investigator to find an address where Defendant can be served. *Id.* at 3. This is contradictory and confusing, as Plaintiff stated, just paragraphs earlier, that Plaintiff received a call from a deputy at the Sheriff's Office "that service was made" as requested. *Id.* Plaintiff attached no evidence showing his communications with Bucks County, with a process server, or with a private investigator. Given the backdrop of unexcused delay here and the factual inconsistency within the Motion, I do not find that Plaintiff's unsubstantiated claims here are good cause for even further delay.

In that regard, there is little reason to credit the representations of Plaintiff's counsel. I have previously detailed the degree to which the federal courts have criticized Mr. Thomas'

4

conduct, *see Scripnicencu v. LSF9 Participation Trust,* No. 19-5280, 2020 WL 4805349, at *13 n.11 (E.D. Pa. Aug, 18, 2020), and the Defense is correct that I have already cautioned him here against frivolous filings. *See* ECF 15.

Taking "account of all relevant circumstances," I find that Plaintiff has not shown excusable neglect for his continued failure to effectuate service or good cause for continued delay. *See Pioneer*, 507 U.S. at 395. Accordingly, his motion will be denied, and Defendant Stock and Grimes will be dismissed without prejudice, and Plaintiff may not attempt to join them in this action.

II.     **Motion to Dismiss**

Defendant New Century Financial Services, joined by co-defendant Pressler and Pressler, LLP, moves to dismiss for failure to prosecute this action and seeks dismissal with prejudice under Federal Rule of Civil Procedure 41(b). Specifically, Defendant seeks dismissal because (1) Plaintiff has failed to serve Stock and Grimes, and (2) Plaintiff has failed to advance the litigation by beginning the discovery process. *See* Motion at 5-6, ECF 23-2. In response, Plaintiff requests a conference be scheduled with the Court to begin the discovery process. *See* Opposition to Motion, ECF 25.

As Defendant acknowledges, dismissal is an "extreme" sanction for a plaintiff's failure to prosecute. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867 (3d Cir. 1984). Courts must consider six factors in granting dismissal. *Id.* at 868. One of the factors is "the effectiveness of sanctions other than dismissal." *Id.* Here, I have dismissed the unserved Defendant, and a scheduling order will promptly be entered. I understand Defendant's frustration with the pace of the litigation, but the several months of delay, without having had to engage in discovery, is not sufficient to warrant this extreme measure. Accordingly, Defendant's motion will be denied.

Nonetheless, recognizing Plaintiff's delay, and the appropriateness of there being some consequence, Defendant is invited to submit a proposed Case Management Order for the Court's consideration.

                                                                      /s/ Gerald Austin McHugh
                                                                      United States District Judge