IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH TAGGART** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-4261 |
| | : | |
| **NEW CENTURY FINANCIAL SERVICES, INC., ET AL.** | : | |
| | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                            **December 13, 2021**

### I.  FACTUAL AND PROCEDURAL HISTORY

This is a debt collection case originally brought in state court in which Plaintiff Kenneth Taggart, now proceeding pro se, has moved to enforce a settlement, or alternatively, extend the discovery deadline. This case has been pending since June 2020. Plaintiff's Complaint alleged a total of ten causes of action against three defendants, asserting alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and state law. Counsel for Plaintiff requested multiple extensions of time within which to accomplish service against a law firm defendant, which the Court generously granted.

While attempting to serve another law firm defendant, Stock & Grimes, Plaintiff failed to prosecute his case against Defendants New Century Financial Services (NCF) or the law firm of Pressler, Warshaw & Felt, (PWF). This led NCF to file a Motion to Dismiss for failure to prosecute. (ECF 23). As NCF's Motion to Dismiss was pending, Plaintiff sought a fourth extension of time to serve Stock & Grimes. (ECF 27). The Court then denied both NCF's Motion to Dismiss and Plaintiff's Motion for a Fourth Extension of Time, dismissing Stock & Grimes from the action. (ECF 33). As part of the Order, entered May 3, 2021, the Court allowed NCF to submit a proposed Case Management Order for the Court's consideration.

NCF conferred with counsel representing Plaintiff at the time, Joshua Louis Thomas, Esquire, and submitted a proposed order which the Court largely adopted. It included a factual discovery deadline of October 1, 2021, and a dispositive motions deadline of December 1, 2021. NCF served Plaintiff with discovery on June 23, 2021. PWF served Plaintiff with discovery on August 13, 2021. Plaintiff did not serve discovery on either PWF or NCF until September 1, 2021 30 days before expiration of the discovery deadline. At that same time, Plaintiff's counsel also attempted to notice depositions without following the usual courtesy of contacting opposing counsel first.

As NCF pressed counsel for responses to its own discovery, Attorney Thomas responded on September 14, 2021, stating that his client had "just filed bankruptcy." A review of the bankruptcy docket for the United States Bankruptcy Court for the Eastern District of Pennsylvania confirms that on September 9, 2021, Plaintiff filed for Chapter 11 bankruptcy protection, acting pro se. *See In re Taggart*, Case No. 21-12476 (the "Bankruptcy Case").

Meanwhile, as this action was pending, Mr. Thomas was attempting to negotiate a settlement, without revealing that he was the subject of disciplinary action by the Pennsylvania Supreme Court in response to a litany of complaints. The records of the Disciplinary Board reflect that on August 11, 2021, a Joint Petition in Support of Discipline on Consent Pursuant to Pa. R. D. E. 215(d) was submitted by Attorney Thomas and Pennsylvania disciplinary counsel. The Supreme Court of Pennsylvania entered a Final Order on October 1, 2021, suspending Attorney Thomas from the practice of law.

NCW, unaware of the bankruptcy and unaware of the impending suspension, pursued settlement discussions. NCW represents to the Court that, together with PWF, based upon Mr. Taggart's history as a vexatious litigant, and Mr. Thomas' history as an unscrupulous lawyer, they

tentatively agreed to resolve this action for nuisance value to save litigation costs.  They further represent that they would not have done so had they known about the bankruptcy and suspension.

The October 1st factual discovery passed without either Attorney Thomas or Plaintiff seeking or requesting an extension from NCF or PFW.  Plaintiff did not even enter his pro se appearance in the proceeding until October 18, 2021, almost three weeks after the discovery deadline.  Plaintiff then filed the pending Motion for Extraordinary Relief and Extension of Time on November 29, 2021, almost two months after expiration of the deadline.

Plaintiff argues there is an enforceable settlement.  Alternatively, he seeks an extension of the discovery deadline and cites his bankruptcy filing and Thomas' suspension as providing grounds for relief.  Defendants oppose the motion.

## II.  STANDARD

As to the issue of whether there is a settlement, the controlling standard is set forth in *Nocito v. Lanuitti,* 167 A.2d 262 (Pa. 1961).

As to the issue of whether deadlines should be extended, under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a discovery schedule "may be modified only for good cause and with the judge's consent."  The good cause inquiry "focuses on the diligence of the party seeking the modification of the scheduling order." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 701 (E.D.Pa. 2007).  As set forth in 7 Moore's Federal Practice, "Carelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief." § 16.14[1][b] (*citing Banks v. City of Phila.*, 309 F.R.D 287, 290-91 (E.D. Pa. 2015)).  Where it is an attorney who has failed to be diligent, a party may nonetheless be bound, as "parties cannot avoid the consequences of the acts or omissions of [their] freely selected agent[s]." *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015).

3

**III.    DISCUSSION**

Plaintiff contends that he reached a settlement he is entitled to enforce. Under Pennsylvania law, a settlement obtained by fraud is voidable, if the party seeking to void the settlement can establish fraud by clear and precise evidence. *Nocito,* 167 A.2d at 263. In his motion, ECF 37, Plaintiff represents that the settlement was negotiated during September 2021. While Mr. Thomas was negotiating with Defendants, he indisputably knew that was about to be suspended, because on August 11, 2021, he joined in a petition for discipline calling for a two-year suspension. Attached to that petition was his sworn affidavit, dated August 8, 2021, admitting misconduct. Contrary to Plaintiff's representation, Mr. Thomas did not retain a law license until October 31st; the suspension became effective October 1, 2021. With a discovery deadline of October 1, 2021, Mr. Thomas knew that he would not be able to pursue any of the claims he was pressing to settle. His non-disclosure of his imminent suspension provides a basis for Defendants here to repudiate the alleged settlement.[1]

Alternatively, Mr., Taggart now seeks to extend the discovery deadline. From the outset of this case, neither Plaintiff nor his counsel were diligent with respect to its prosecution, notwithstanding extraordinary leeway granted by the Court. The bulk of the delay in this case was due to a lack of diligence in accomplishing service. But additional delay was caused by a meritless motion to remand (ECF 7) and a frivolous motion seeking to strike affirmative defenses (ECF 8), leading the Court to admonish that "further misuses of the Court's time with frivolous motions will not be taken lightly," (ECF 15). When the Court then acted to impose some control over this action with a definitive case management order, Plaintiff ignored discovery obligations and

---

[1] I note that Defendants have also identified issues with respect to the accuracy of Mr. Taggart's filings with the Bankruptcy Court. Given the egregiousness of Mr. Thomas' conduct, there is no need to address these arguments.

4

delayed in serving his own discovery requests. He also delayed in communicating that he intended to proceed pro se, and inexplicably waited almost two months after the discovery deadline to move to extend.

Mr. Taggart is a well-known, frequent litigant, highly familiar with Mr. Thomas, who has represented him in multiple actions, as accurately set forth by NCF.[2] The precept that a litigant is bound by the acts of his attorney, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632-34 (1962), applies with special force here given the long prior relationship between Taggart and Thomas. The hallmark of that relationship is relentless litigation of dubious merit frequently resulting in "the excessive and possibly irremediable burdens of costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Mr. Taggart has been given sufficient time to litigate this case and pursue any merit it might have. He has not met his burden of showing appropriate diligence on his part and that of his attorney. Given the record here, and the litigation history of Mr. Taggart and Mr. Thomas, I am not confident that an extension of deadlines would serve the purpose of clarifying the merits of a legitimate dispute. To the contrary, I am concerned that it would serve to advance the improper purpose of increasing Defendants' costs by prolonging the litigation with the hope of a settlement unrelated to the

---

[2] *See, e.g., Taggart v. Deutsche Bank*, Case No. 2:20-cv-05503-GJP (E.D. Pa. 2020), *appealed to* 21-02278 (3d Cir. 2021); *Taggart v. U.S. Dept. of Justice, et al.*, Case No. 2:16-cv-04040-GJP (E.D. Pa. 2016) (represented by Mr. Thomas); *Taggart v. U.S. Dept. of Justice, et al.*, Case No. 2:17-cv-03219-GJP (E.D. Pa. 2017) (represented by Mr. Thomas); *Taggart v. The Honorable Jeffrey Saltz, et al.*, Case No. 2:20-cv-01638-GJP (E.D. Pa. 2020); *Taggart v. Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, et al.*, Case No. 5:1-cv-00062-EGS (E.D. Pa. 2016) (represented by Mr. Thomas); *Taggart v. Wells Fargo Bank, N.A., et al.*, Case No. 5:16-cv-00063-LS (E.D. Pa. 2016) (represented by Mr. Thomas); *Taggart v. PHH Mortgage Corp., et al.*, Case No. 2021-15316 (Mont. Cty. Comm. Pleas, 2021); *Taggart v. Wells Fargo Bank, N.A., et al.*, Case No. 2018-25923 (Mont. Cty. Comm. Pleas, 2018) (represented by Mr. Thomas); *Taggart v. Bank of New York Mellon f/k/a Bank of New York*, Case ID 170303703 (Phila. Cty. Comm. Pleas, 2017) (Pending trial) (represented by Mr. Thomas); *Taggart v. JP Morgan Mortgage Trust 2006-A-7*, Case ID 150101366 (Phila. Cty. Comm. Pleas, 2015) (Pending Pre-Trial Conference).

validity of Plaintiff's claims.

Plaintiff's Motion for Extraordinary Relief will be denied.

/s/ Gerald Austin McHugh
United States District Judge