IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH TAGGART | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-4261 |
| | : | |
| NEW CENTURY FINANCIAL | : | |
| SERVICES, et al. | : | |

**MEMORANDUM**

McHugh, J.                                                                                              October 2, 2023

    **I.**    **Factual and Procedural History**

This was an action under the Fair Debt Collection Act against a financial services firm and two law firms in which summary judgment was ultimately granted after long and contentious litigation. Plaintiff Kenneth Taggart was originally represented by an attorney, Joshua Thomas, who was suspended from practice during the pendency of this case for repeatedly taking frivolous positions in both federal and state courts. Mr. Taggart has been represented by Thomas in various cases over many years' time, and has litigated many other cases *pro se*.

Here, summary judgment was granted, but after Taggart complained he was not given the opportunity to be heard, reconsideration was granted. Then, following a full evidentiary hearing, and a further ruling against him, he filed a second motion for reconsideration, which contained nothing beyond a repetition of his prior arguments. Simultaneously, he appealed the ruling of the Bankruptcy Court, 22-cv-00990, and in his brief identifying the issues in that action, ECF 10, he mispresented the procedural history of this case, and at no point disclosed that final judgment had been entered against him. That lack of candor on his part is not surprising, as I previously found

that he made misrepresentation to the Bankruptcy Court about the potential value of the claims asserted here. ECF 55, p. 6.

Defendant New Century Financial Services contends that such conduct on Mr. Taggart's part was frivolous and vexatious, and as a sanction it seeks an award of counsel fees and a prospective injunction prohibiting future litigation.

## II.     Legal Standard

Defendant invokes 28 U.S.C. § 1927 and this Court's inherent power to sanction attorneys and litigants. I see sufficient authority to address this issue within Federal Rule of Civil Procedure 11, having previously cautioned Mr. Taggart about its applicability to him as a pro se litigant.[1] ECF 55, p. 14. Under Rule 11, the issue is whether his filings were reasonable, defined as "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991).

## III.    Discussion

In a previous memorandum, I described Mr. Taggart as a well-known serial litigant. His history of litigation supports this description.[2] This is relevant both as to his level of sophistication,

---

[1] *See Taylor v. Messmer,* 2010 WL 545892, at *1-2 (W.D. Pa. 2010) (imposing sanctions on pro se plaintiff for filing a "barrage" of civil and administrative cases against the same defendants raising the same issues); *Lai v. Dist. V-C Ethics Comm.,* 2006 WL 3677933, at *4 (D.N.J. 2006) (imposing sanctions on pro se plaintiff and issuing an injunction barring her from filing future related suits without prior permission of court); *Martin v. Farmers First Bank,* 151 F.R.D. 44, 49 (E.D. Pa. 1993) (imposing sanctions on pro se plaintiffs for failure to investigate the basis of their claims); *Calesnick v. Redevelopment Auth. of City of Philadelphia,* 696 F.Supp. 1053, 1056 (E.D. Pa. 1988) (imposing sanctions on pro se plaintiffs and issuing an injunction barring them from filing future related suits).

[2] *Taggart v. Norwest Mortg., Inc., et al.*, 539 F. App'x 42 (3d Cir. 2013) (pleading Truth in Lending Act ("TILA") arising out of mortgage dispute); *Taggart v. Chase Bank USA, N.A., et al.*, Case No. 2:09-cv-01533-JF (pleading TILA, Reg. Z., and fraud claims which were all dismissed with prejudice on a motion, Plaintiff appealed, and the Third Circuit affirmed the district court's decision); *Taggart v. Greenpoint Mortg. Funding, Inc., et al.*, Case Nos. 2:09-cv-03416-MSG, 2:09-cv-03417-MSG (pleading violations of the

and as to whether he was acting in good faith. New Century's first motion for sanctions sought fees for the period that followed my first entry of summary judgment in its favor on December 13, 2021. But this overlooks the fact that, out of an abundance of caution, I granted Mr. Taggart's motion for reconsideration and afforded him the opportunity for an evidentiary hearing which took place on March 7, 2022. ECF 54. Thereafter, I definitively rejected his claims in a Memorandum opinion dated March 18, 2022, a ruling now on appeal.[3]

Mr. Taggart then moved for reconsideration again, ECF 58, attempting to relitigate issues already decided against him. He also appealed the decision of the Bankruptcy Court to this Court. 22-cv-00990. I agree with Defendant that by this juncture, Taggart's position was objectively

---

Real Estate Settlement Procedures Act ("RESPA") and the Fair Credit Reporting Act ("FCRA"), cases were consolidated and eventually dismissed with prejudice); *Taggart v. Chase Bank USA, N.A., et al.*, Case No. 2:09-cv-03761-JF (repleading previously dismissed claims, dismissed with prejudice on a motion); *Taggart v. GMAC Mortg., LLC*, Case No. 2:12-cv-04077-ER (alleging fraud related to mortgage, case dismissed); *Taggart v. Deutsche Bank Nat'l Co., et al.*, 2:12-cv-04455-WD (alleging various civil rights violations related to mortgage, dismissed without prejudice); *Taggart v. Bank of New York Mellon, et al.*, Case No. 2:15-cv-02985-NIQA (remanded to Philadelphia Court of Common Pleas); *Taggart v. Morgan Stanley ABS Capital I, Inc. Trust 2007-HE2, et al.*, Case No. 5:16-cv-00062-EGS (dismissed on stipulation of parties); *Taggart v. Wells Fargo Bank, N.A., et al.*, Case No. 5:16-cv-00063-LS (various violations related to mortgage and title; dismissed with prejudice; Plaintiff sought reconsideration which was denied); *Taggart v. U.S. Dept. of Justice, et al.*, 2:16-cv-04040-GJP (alleging violations of 1st, 4th, and 5th Amendments, Due Process violations and fraud; claims dismissed on motion, all with prejudice except as to 1st Amendment claim; Plaintiff sought reconsideration and was denied); *Taggart v. U.S. Dep't of Justice, et al.*, Case No. 2:17-cv-03210 GJP (Writ of Mandamus action; dismissed, with prejudice; Plaintiff sought reconsideration and was denied); *Taggart v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 2:20-cv-05503-GJP (allegations based on quiet title, slander, breach of contract, RESPA, UTPCPL, FCEUA, FDCPA, and fraud; dismissed with prejudice; appeal remains pending); *Taggart v. The Honorable Jeffrey Saltz, et al.*, Case No. 2:20-cv-01638-GJP (alleging due process violations under 5th and 14th Amendments, violations of 4th Amendment, and fraud; case dismissed on motion and Plaintiff sought reconsideration and was denied; Plaintiff appealed, and district court decision was affirmed); *Taggart v. PHH Mortg. Corp., et al.*, 21-ap-00112-amc (adversary proceeding alleging quiet title, breach of contract and fraud; remains pending); *Taggart v. Gregory Funding, et al.*, 22-ap-00019-amc (Adversary proceeding alleging quiet title, breach of contract, and fraud; remains pending); Taggart v. PHH Mortg. Corp., *et al.*, 2:22-cv-00302-JMY (appealing bankruptcy court order); *Taggart v. PHH Mortg. Corp., et al.*, 2:22-cv-00309-JMY (appealing bankruptcy court order).

[3] Precedent supports the conclusion that an award of fees represents a collateral matter over which the district court continue to have jurisdiction during the pendency of an appeal. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990); *DiPaolo v. Moran,* 277 F. Supp. 2d 528, 532 (E.D. Pa. 2003) (Yohn, J.), *aff'd,* 407 F.3d 140 (3d Cir. 2005)

unreasonable, and that he did not move for reconsideration because he had a colorable legal position, but only for purposes of obstruction and delay.

I reach this conclusion for several reasons. First, it is consistent with a pattern of Mr. Taggart's behavior throughout the extensive litigation he has filed. Second, the legal standard for reconsideration is well established and rigorous, and Taggart made no attempt to meet it. Reconsideration requires "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995) (cleaned up). As a sophisticated pro se litigant, Mr. Taggart must be charged with knowledge of this standard, and he ignored it. And, from past experience, he certainly knew that in prior cases such motions were never successful except to prolong proceedings.[4] In that regard, because he was simultaneously litigating in Bankruptcy Court, he also knew delay would work in his favor. And as noted above, in his appeal from the ruling of the Bankruptcy Court he has not completely or accurately described the history of this case.

New Century was directed to submit an itemization of counsel fees focused on the period after March 18, 2022, when Mr. Taggart's claims were definitively rejected after he was given a full hearing. It has submitted an appropriate itemization and affidavit of counsel. ECF 65. The hourly rates are reasonable for lawyers of Attorney Suttell and Attorney Newburger's experience. The time spent accomplishing each task is reasonable, as well. I have excluded billings related to work on the appeal and settlement discussions but awarded fees for all time related to the frivolous

---

[4] Out of an abundance of caution here, I held an evidentiary hearing, at which I found Mr. Taggart's assertions unworthy of belief. I also found that he lacked candor in his representations to the Bankruptcy Court.

motion for reconsideration, and time related to the prolongation of proceedings in the Bankruptcy Court.[5] Those reductions are reflected in Exhibit A, attached hereto, for a net award of $8,705.00.

New Century also requests an injunction limiting future litigation. From my review of the record, it appears that this is the first case in which New Century has been sued. The Third Circuit has instructed that injunctions against pro se litigants must be approached with caution. *In re Oliver,* 682 F.2d 443, 445-46 (3d Cir. 1982). Although Taggart has not responded to its request for an injunction, and notwithstanding his blameworthy conduct in this case, I am not convinced that New Century is entitled to such relief based on a single suit.

An appropriate order follows.

                                          /s/ Gerald Austin McHugh
                                    United States District Judge

---

[5] I have also excluded from the award, billings for work by "SWS", whose name, rates, and professional background were not included in Attorney Suttell's affidavit. *See* ECF 65.